# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN CATHREN MORRIS,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. ED CV 17-01664 AB (AFM)<br><br>**ORDER SUMMARILY DISMISSING HABEAS PETITION FOR LACK OF SUBJECT MATTER JURISDICTION** |

On August 17, 2017, petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241). Petitioner seeks an order recommending early release from federal custody upon her successful completion of a residential drug abuse program (RDAP). The Petition must be dismissed without prejudice for lack of subject matter jurisdiction because petitioner's challenge to a discretionary decision to deny her a sentence reduction upon completion of the RDAP is not subject to judicial review.

Congress has delegated to the Bureau of Prisons (BOP) the duty to provide appropriate substance abuse treatment for each prisoner the BOP determines has a treatable condition of substance addiction or abuse. 18 U.S.C. § 3621(b). To carry out this requirement, the BOP must make available residential drug abuse programs

(RDAP) for eligible prisoners. 18 U.S.C. § 3621(e)(1). As an incentive for successful completion of the RDAP, the BOP may reduce a prisoner's sentence by up to one year. 18 U.S.C. § 3621(e)(2)(B). "Determining which prisoners are eligible to participate in RDAP is within the discretion of the BOP, as is the decision to grant or deny eligible prisoners sentence reductions upon successful completion of the program." *Reeb v. Thomas*, 636 F.3d 1224, 1226 (9th Cir. 2011).

Officials at the BOP found petitioner ineligible for a sentence reduction upon completion of the RDAP because petitioner had a disqualifying conviction and firearm enhancement. Petitioner was found disqualified for the sentence reduction because she had a conviction for conspiracy to possess with intent to distribute marijuana. (ECF No. 1 at 19, 21.) Moreover, a search of petitioner's home had revealed "multiple firearms," resulting in a two-point sentence enhancement for possession of a firearm. (ECF No. 1 at 19.) The firearm enhancement was disqualifying because it involved "an offense that involved the carrying, possession, or use of a firearm" and "an offense that, by its nature or conduct, present a serious potential risk of physical force against the person or property of another." (*Id*.) Petitioner disputes these findings and points out that her co-defendant was found eligible for the program. (ECF No. 1 at 15.) Petitioner seeks a recommendation from this Court to the effect that she should be considered for the sentence reduction upon her successful completion of the RDAP. (ECF No. 1 at 15-16.)

In 18 U.S.C. § 3625, Congress explicitly precluded judicial review of the BOP's individualized RDAP decisions by excluding any "determination, decision, or order" made by the BOP pursuant to 18 U.S.C. §§ 3621-3624 from the provisions of the Administrative Procedure Act (which authorizes federal courts to hear actions involving a "legal wrong" suffered because of an agency action). Consequently, the BOP's discretionary determinations in implementing the RDAP in individual cases are not subject to judicial review. *See Reeb*, 636 F.3d at 1227 ("[A]ny substantive decision by the BOP to admit a particular prisoner into RDAP,

or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court."). It follows that petitioner's claim that the BOP abused its discretion in her individual case by denying her a sentence reduction for completion of the RDAP cannot be reviewed by the Court.

**ORDER**

IT IS ORDERED that the Petition is summarily dismissed without prejudice for lack of subject matter jurisdiction.

DATED: August 28, 2017

_____
ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE